(Superior Court of Cincinnati—General Term, 1899.)

G. J. CURRAN et al. v. HAUSER, KRAMER & CO.

---

(1). The reversal by the supreme court of a judgment for a less amount in the case at bar held to be conclusive that the contract sued on has not been set aside, modified or reformed, and parol evidence as to a collateral verbal contract is therefore inadmissible.

---

DAVIS, J.; SMITH, J. concurs.

It will not be necessary to give a statement and the history of this case, as this is the seventh time that the case has been before the courts, and the history and statements of the same fully appear in the numerous written opinions heretofore given. Sufficient it is to say, however, that the case has been before the supreme court of Ohio, and the judgment in favor of Hauser, Kramer & Co., defendants in error, was reversed (see W. L. B., 143); the case was remanded to special term for further hearing, and upon June 20, 1898, again a judgment was rendered in favor of the defendants in error for the sum of $3,325.04 and costs.

This is a suit brought upon a written contract, and the defendants seek to have grafted upon this written contract an independent, verbal collateral contract; and evidently the court below, in rendering judgment in favor of defendants, proceeded upon the theory that such an independent, verbal collateral contract could be grafted on said written contract.

We think the supreme court has settled the question, because the case that was before the supreme court was a judgment in favor of the defendants herein, but for a lesser amount, and practically upon the same evidence, and the judgment is now in favor of the defendants for the same reasons, for a larger amount.

The written contract of the plaintiffs is clear and unequivocal, and until it is set aside either for fraud or mistake, the defendants have no standing in court, and as far as the record discloses, it is silent upon the question as to whether this written contract sued upon by the plaintiffs has been set aside or reformed upon either ground  In fact, we might say that it is conclusive that the written contract of the plaintiffs has not been set aside, modified or reformed by orders of court.

The supreme court of the United States has said in the case of Seitz v. Brewers Refrigerating Machine Company, 141 U. S. 510:

"When a contract is couched in terms which import a complete legal obligation with no uncertainty as to object or extent of the engagement, it is (in the absence of fraud, accident or mistake) conclusively to be presumed that the whole engagement of the parties, and the extent and manner of their undertaking were reduced to writing".

Whether the written contract in this case fully expressed the terms of the agreement between the parties was

a question for the court; and the court not having set aside or modified said contract, therefore parol evidence is inadmissible.

Therefore the judgment of the superior court in special term is hereby reversed, and the cause remanded for further proceedings according to law.

C. W. Baker, for Plaintiffs in Error.

*Drausin Wulsin* and F. O. Suire, contra.

### Dissenting Opinion.

DEMPSEY, J.

I can not agree with my colleagues in their judgment of reversal of the trial court, nor in their opinion that the decision of our supreme court in this case in 51 O. S., 587, is conclusive of all questions herein; nor, further, that the decision of the United States supreme court in the Seitz case, in 141 U. S., is decisive of all of the issues in this case, as they now stand.

The petition is for the recovery of the contract price of a certain lumber dryhouse or kiln, sold by plaintiff in error to defendant in error, and was filed April 2, 1887. To this petition an answer and cross-petition was filed, which contained a special denial, and cross claimed on a warranty of fitness, express or implied. A reply was filed, generally denying allegations of answer and cross-petition.

These issues were tried to Judge Taft in 1890, and a finding of facts made by him, on which he entered a judgment for Curran & Wolff, and dismissed cross-petition of the defendants; all of which was excepted to. These defendants filed a motion for a new trial, two of the grounds of which were that the judgment was not sustained by sufficient evidence and that it was against the weight of the evidence. This motion was overruled and bill of exceptions taken, containing all the evidence. Error was prosecuted to the general term, and the second ground of error alleged was that the court below erred in its findings of fact, in that the same are not sustained by sufficient evidence, are against the weight of the evidence, and are contrary to law, and that the said findings do not contain all the facts that should have been found, as shown by the evidence taken at the trial.

It will be seen by this assignment of error that the weight and sufficiency of the evidence to sustain the judgment of the trial court was distinctly before the appellate court.

December 30th, 1890, the general term reversed Judge Taft by a general judgment of reversal, no grounds being assigned in the entry; and then proceeded to render such a judgment in favor of Hauser. K. & Co. as the special term ought to have rendered, viz. a judgment on their cross-petition in the sum of $1,735.92 and costs. Curran & Wolff then prosecuted error to the supreme court to reverse this action of the general term. In 1894 the supreme court made this decision:

"Judgment of the superior court, at general term, on answer and cross-petition of the defendants below, reversed; and judgment of the said court at general term reversing the judgment in favor of the plaintiff below at the special term of said court affirmed, and cause is remanded to said court at special term for a new trial. Spear, J. dissents."

Now, it is idle to speculate as to what was the court's opinion of the law. The reversal of Judge Taft's decision by the general term was affirmed by the supreme court, because the general term had before it for review the weight of the evidence before Taft, and its judgment of reversal was general and assigned no reasons. In such cases the supreme court never reverses a reversal. See Wetzell v. Richcreek, 5 Ohio St., 76. The judgment of the general term in favor of Hauser, Kramer & Co. was reversed because questions of fact being involved it was the duty of the general term to send the case back to special term for trial; it had no power to determine the issues of fact. Why Judge Spear dissented I make no guess.

At any rate, after the case came back from the supreme court for a new trial, the defendants, in 1896, amended their answer and cross-petition by inserting two additional defenses and counterclaims, one for willful misrepresentation as to the fitness and capa-

bility for doing defendants' work, and the other asking for a reformation of the contract. If Judge Taft's opinion be conceded to have been indorsed by our supreme court, yet the opinion was based upon a state of facts, which, as the judge himself, in his opinion, states, contemplates no fraud in the transaction.

And so with the Seitz case in the 141 U. S.; the court, Fuller, C. J., expressly say no questions of fraud are made in the case; it was simply the question of the implied warranty of the fitness of a known, definite and asertained article, and the further question whether an express warranty could be engrafted on a written contract by parol, both of which questions were resolved in the negative.

Now, it seems to me that the majority of the court have overlooked this issue of fraud and misrepresentation raised by the third count of the amended answer and cross-petition. In my judgment, that count stated a good defense and cause of action, and the evidence in the case fully and clearly sustained the averments.

I think the judgment below ought to be affirmed.